IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**BILL MELOT,**

      **Petitioner,**

 vs.                                                              NO. 07cv113 JH/WDS

**GARY CLINGMAN, Judge**
**for the Fifth Judicial District Court,**
**Lea County, New Mexico**

      **Respondent**


## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

This is a Petition For a Writ of Habeas Corpus filed under 28 U.S.C. § 2254 by Bill Melot. Melot is acting *pro se*. Respondents filed a response in opposition to the Petition, and moved to dismiss it. Petitioner did not file opposition to Respondent's Motion to Dismiss. The United States Magistrate Judge, having considered the arguments of the parties, the record, relevant law, and being otherwise fully advised, finds and recommends that the Petition be dismissed. The court makes the following findings and recommended disposition.

### FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a vendor of gasoline who, in 2003, entered into a consent agreement with the

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

New Mexico Department of Agriculture.  In the consent agreement, Petitioner agreed to abide by the provisions of the Petroleum Products Standards Act.  (PPSA)  On December 1, 2003 the Department of Agriculture filed a complaint alleging that Petitioner had violated the terms of the Consent Order.  The state district court found that Petitioner had violated the agreement, assessed a $10,000.00 fine, and entered a permanent inunction against Petitioner enjoining him from engaging in practices prohibited by the PPSA.  The fine and injunction were upheld on appeal.

In January 2005 the Department of Agriculture filed a motion alleging that Petitioner had violated the permanent injunction.  On March 8, 2005 the state district court conducted a hearing, at which Petitioner presented testimony and argument.  The court found Petitioner in contempt of the permanent injunction, and ordered Petitioner to show cause why he should not be incarcerated for contempt of the court's orders.

On March 11 Petitioner presented testimony and argument at the show cause hearing.  The court entered the order which is the basis for Petitioner's §2254 petition.  The state district court found fourteen separate instances of contempt, and ordered Petitioner to be incarcerated for 18 months.  Petitioner filed a Notice of Appeal on April 7, 2005.  On April 8, 2005 the state district court entered an order reducing Petitioner's appeal bond from $100,000.00 cash only to $40,000.00 cash only.  On April 11, 2005 the state appellate court denied Petitioner's motion for immediate release.  On May 19, 2005, the state district court, sua sponte, entered an order of release subject to a $40,000.00 appearance bond.  The district court held the balance of Petitioner's incarceration in abeyance and conditioned Petitioner's release on Petitioner not selling gasoline and not violating the court's previous orders.  On October 31, 2005 the New Mexico Court of Appeals affirmed the district court's finding of contempt.  Petitioner did not file a petition for writ of certiorari in the New

Mexico Supreme Court.

Petitioner next filed a §2254 Petition[2] in United States District Court. The petition was dismissed without prejudice on June 23, 2006 because the claims raised in the petition had not been exhausted in state court.

On December 4, 2006 Petitioner filed a state habeas petition alleging the same claims that had been raised in the federal court action. The state district court denied the petition on December 13, 2006. On December 22, 2006 Petitioner filed a petition for writ of certiorari in the New Mexico Supreme Court. The New Mexico Supreme Court denied the petition for writ of certiorari on January 5, 2007. Petitioner filed the instant petition on January 31, 2007.

## PETITIONER'S CLAIMS

1. Claim One – Double Jeopardy. On March 8, 2005 the state district court placed Petitioner in detention. On March 11, 2005, after conducting an evidentiary hearing, the state district court renewed the findings of contempt and Petitioner stayed in detention. Petitioner claims that these two detention orders violated his right against double jeopardy.

2. Claim Two – Due Process. Petitioner claims that, because the contempt hearing was conducted without an indictment, an arraignment, or a trial, he was denied his right to procedural due process.

3. Claim Three – Due Process. Petitioner claims that the state district court's findings of contempt were not supported by sufficient evidence because the evidence that the petroleum products he sold violated the PPSA was inadequate. According to Petitioner, the state district court should not have relied on evidence that his gasoline failed the tests conducted by the New Mexico Department of Agriculture because the department did not use proper testing methods.

---

[2] *Bill Melot v. Gary Clingman*, 06cv077 MCA/KBM

3

4. Claim Four – Due Process. Petitioner claims that the state district court violated his rights to procedural due process by holding the contempt hearing on March 11, 2005, three days after giving Petitioner notice that the court considered him in contempt of the court's orders.

5. Claim Five – Excessive Bail. Petitioner claims that the state district court imposed excessive bail when the court denied his request for immediate release pending appeal and ordered a $100,000.00 cash only bond.

6. Claim Six – Judicial Bias. Petitioner claims that the state court judge, Judge Clingman, was biased during the March 8, 2005 hearing at which the judge found Petitioner in contempt of the court's previous orders. According to Petitioner, Judge Clingman's bias was evidenced by the judge's actions in (1) informing Petitioner that if he chose to proceed *pro se* he would be required to abide by the rules of procedure the same as a licensed attorney, (2) questioning witnesses during the hearing, (3) imposing a fine that was not requested by counsel representing the New Mexico Department of Agriculture, (4) failing to recuse himself from the hearing.

7. Claim Seven – Due Process. Petitioner claims that the state district court denied him the procedural due process accorded a criminal defendant by finding Petitioner in contempt and imposing a fine and jail time in a civil proceeding.

## STANDARD OF REVIEW

Since this matter arises from Petitioner being placed in custody pursuant to the judgment of a State court, 28 U.S.C. § 2254 applies.  Under 28 U.S.C. § 2254, a petitioner is entitled to federal habeas relief only if he can establish that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

Petitioner must also satisfy the jurisdictional requirements of the Antiterrorism and Effective Death Penalty Act of 1996. (AEDPA)

## ANALYSIS

The AEDPA provides a one-year statute of limitations for habeas corpus petitions filed by state prisoners. 28 U.S.C. §2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Options (B)-(D) do not apply in this matter, so Petitioner's limitation period falls under subparagraph (A). Direct review of the judgment concluded on October 31, 2005, when the New Mexico Court of Appeals affirmed the district court's March 11, 2005 judgment. Petitioner did not file a petition for a writ of certiorari for review of the Court of Appeals' decision within the twenty days provided by court rules, thus the judgment was final for AEDPA purposes on November 20, 2005 and the one-year limitations period expired November 20, 2006.

However, §2244 also contains a provision that establishes a tolling period under certain circumstances. §2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review. . .is pending shall not be counted toward any period of limitation under this subsection." While Petitioner did file a State habeas petition, he did not do so until December 4, 2006, after the AEDPA limitations period had expired.

The filing of a State habeas petition or other collateral review tolls the limitations period, it does not restart the one-year clock. Nor is the one-year limitations period of the AEDPA tolled during the pendency of a federal habeas petition that is filed prematurely. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Accordingly, the instant Petition is barred, since it was filed more than one year after the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. In light of the fact that the pleading is time barred, the Court declines to address the merits of the Petition.

### RECOMMENDED DISPOSITION

The Court recommends that Melot's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254, filed January 31, 2007 be DISMISSED.

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**